ORIGINAL

# In the United States Court of Federal Claims

No. 15-1250C
Filed May 19, 2016
NOT FOR PUBLICATION

FILED
MAY 1 9 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| PERCY R. MOORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| v. ) | Jurisdiction; Rule 12(b)(6), Failure to |
| ) | State a Claim; *In Forma Pauperis*. |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Percy R. Moorman*, Richmond, VA, plaintiff *pro se*.

*Elizabeth Anne Speck*, Trial Attorney, *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff *pro se*, Percy R. Moorman, has brought this action seeking to liquidate certain government securities held by plaintiff on behalf of a private family trust. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also moved to proceed in this matter *in forma pauperis*. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Percy R. Moorman, commenced this action on October 26, 2015. *See generally* Compl. Plaintiff's complaint is difficult to follow. Nonetheless, it appears that plaintiff seeks to liquidate certain government securities that he holds in his capacity as the executor for a private family trust known as the Moorman Dynasty Trust. *Id.* at 1.

Specifically, in the complaint, plaintiff alleges that the United States Department of the Treasury ("Treasury Department") has placed him "in extreme hardship" by being unwilling to liquidate these securities. *Id.* at 3. In this regard, plaintiff points to the United States Federal Reserve's bond-buying stimulus program, known as QE3, as well as the Treasury Department's decision to issue a Floating Rate Note in 2013, as the government policies that have led to his injury. *Id.* at 2-3.

Plaintiff further alleges that he is entitled to recover monetary damages from the government due to these policies, pursuant to the Federal Tort Claims Act, Article VI and the Tenth Amendment of the United States Constitution, and 31 U.S.C. § 3111. *Id.* at 1, 5. As relief, plaintiff seeks "full payment including all interest due for all notes or mutually agreed upon arrangements." *Id.* at 6.

### B. Procedural Background

Plaintiff filed the complaint in this matter on October 26, 2015, along with a motion for leave to proceed *in forma pauperis*. *See generally* Compl.; Mot. to Proceed *In Forma Pauperis*. On December 21, 2015, the government filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). *See generally* Def. Mot. Plaintiff failed to file a timely response to the government's motion and on February 1, 2016, the Court issued an Order to Show Cause directing plaintiff to show cause why this matter should not be dismissed and to file his response to the government's motion on or before February 16, 2016. *See* Show Cause

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."); the government's motion to dismiss ("Def. Mot."); plaintiff's response ("Pl. Resp."); and the government's reply ("Def. Reply").

2

Order, Feb. 1, 2016. On February 16, 2016, plaintiff filed a document styled as "Plaintiff Show Cause Motion," which the Court construed to be plaintiff's response to the Court's Order to Show Cause and plaintiff's response to the government's motion to dismiss. *See generally* Pl. Resp. On March 4, 2016, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. The matter having been fully briefed, the Court addresses the pending motion to dismiss.

## III. STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).

But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B. Jurisdiction, RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all

3

undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008); (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### C. RCFC 12(b)(6)

Lastly, when deciding a motion to dismiss based upon failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; *see also* RCFC 12(b)(6). To survive a motion to dismiss

4

pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against defendant. *Id.* at 679.

## IV. DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint upon two grounds. First, the government argues that the Court does not possess jurisdiction to consider plaintiff's claims, because the claims are not based upon a substantive source of law that would create a right for plaintiff to recover money damages from the government. Def. Mot. at 4-7. The government also moves to dismiss the complaint for failure to state a claim upon which relief may be granted, because plaintiff does not allege any facts in the complaint that would entitle him to recover money damages from the government. *Id.* at 8-9. For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims and the complaint also fails to state a claim for relief that is plausible on its face. And so, the Court must dismiss this matter pursuant to RCFC 12(b)(1) and 12(b)(6).

#### 1. Plaintiff's Tort Claim Is Jurisdictionally Precluded

As an initial matter, the Court may not entertain plaintiff's claim based upon the Federal Tort Claims Act ("FTCA"). In the complaint, plaintiff alleges that he is entitled to monetary damages as compensation for the government's alleged unwillingness to liquidate the securities that he holds under the FTCA. Compl. at 1; *see also* 28 U.S.C. § 1346(b).

It is well established that this Court does not possess jurisdiction to consider claims brought pursuant to the FTCA. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Indeed, the Tucker Act limits the Court's jurisdiction to claims founded upon the Constitution, upon any Act of Congress or any regulation of an executive department, upon any express or implied contract with the United States, or for liquidated or unliquidated

5

damages in cases not sounding in tort. 28 U.S.C. § 1491(a). Given this, the Court does not possess jurisdiction to consider plaintiff's tort law claim here. And so, the Court must dismiss this claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Constitutional Claims

The Court is similarly without jurisdiction to entertain plaintiff's constitutional claims in this matter. In the complaint, plaintiff alleges, without further explanation, that the government has violated Article VI and the Tenth Amendment of the United States Constitution. Compl. at 5. But, to pursue these constitutional claims, plaintiff must do more than simply allege a constitutional violation. *Cabral*, 317 F. App'x at 981. Rather, plaintiff must identify and plead a money-mandating constitutional provision in the complaint. *Id.* Plaintiff fails to do so here.

In this regard, this Court has long recognized that Article VI provides no right to money damages. *Marshall v. United States*, No. 09-431C, 2010 WL 125978, at *3 (Fed. Cl. Jan. 14, 2010); *see also Hanford v. United States*, 154 F. App'x 216, 216 (Fed. Cir. 2005). And so, Article VI cannot serve as the basis for establishing the Court's jurisdiction in this matter. *Id.*; *Testan*, 424 U.S. at 402 (1976) (quoting *Eastport S.S. Corp v. United States*, 372 F.2d 1002, 1008 (Ct. Cl. 1967) (Constitutional provisions do not create a basis for money damages unless that basis "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.")

Plaintiff's cursory reference in the complaint to the Tenth Amendment also fails to establish that the Court possess jurisdiction to consider his constitutional claim. *Russell v. United States*, 78 Fed. Cl. 281, 285 (2007) ("plaintiff must establish more than the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court"). In particular, this Court has held that the Tenth Amendment is not a money mandating provision of the Constitution. *Patterson v. United States*, 2006 WL 5649292 (The Tenth Amendment does not mention anything about money damages and cannot support a cause of action in this Court); *see also Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004). And so, plaintiff has not identified a specific, money-mandating provision of the Constitution that would create a right to recover money damages against the United States in this case. *Fisher*, 402 F.3d at 1172; RCFC 12(b)(1).

6

### 3. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Section 3111 Claims

Finally, the Court is also without jurisdiction to consider plaintiff's claims based upon the federal statute that authorizes the Secretary of the Treasury to buy, redeem, or refund government securities. Compl. at 1-2; *see also* 31 U.S.C. § 3111. Section 3111 provides that:

> An obligation may be issued under this chapter to buy, redeem, or refund, at or before maturity, outstanding bonds, notes, certificates of indebtedness, Treasury bills, or savings certificates of the United States Government. Under regulations of the Secretary of the Treasury, money received from the sale of an obligation and other money in the general fund of the Treasury may be used in making the purchases, redemptions, or refunds.

31 U.S.C. § 3111. A plain reading of this provision makes clear that section 3111 is not a money-mandating statute that would create a right for plaintiff to recover money damages against the United States. *Id.* Rather, this statute simply authorizes the Secretary of the Treasury to buy, redeem or refund government securities under certain circumstances. *Id.* Given this, plaintiff cannot rely upon section 3111 to establish the Court's jurisdiction to consider his claim. *Marshall*, 2010 WL 125978 at *2 (finding that a plaintiff must assert "a substantive claim founded in some other source of law that 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" (quoting *Mitchell*, 463 U.S. at 216-17)); *see also Cundari v. United States*, 650 F.2d 287 (Ct. Cl. 1980) (holding that generalized complaints concerning the government's fiscal and monetary policy cannot be litigated). And so, the Court must dismiss plaintiff's claim based upon section 3111 for want of subject-matter jurisdiction. RCFC 12(b)(1).

### B. Plaintiff Also Fails To State A Claim Upon Which Relief Can Be Granted

Dismissal of the complaint is also warranted because the complaint fails to state a plausible claim upon which relief may be granted. RCFC 12(b)(6). Indeed, a careful reading of plaintiff's complaint demonstrates that, when viewed in the light most favorable to plaintiff, the complaint does not contain sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678. In this regard, plaintiff does not allege any facts in the complaint that would entitle him to recover money damages from the government. *See generally* Compl. Rather, the complaint contains various grievances against the government regarding the monetary policy of the United States. *Id.* Given this, the

complaint does not state a claim that is plausible on its face and the Court must dismiss the complaint for failure to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678; RCFC 12(b)(6).

### C. Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

Lastly, plaintiff has filed a motion to proceed *in forma pauperis* and he seeks a waiver of the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the jurisdictional issues raised by the complaint. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for this purpose.

### V. CONCLUSION

In sum, when read in the light most favorable to plaintiff, the complaint clearly demonstrates that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's tort, constitutional, or statutory claims. Because plaintiff fails to demonstrate that the Court possesses subject-matter jurisdiction to entertain any of his claims, the Court must dismiss the complaint. RCFC 12(b)(1). Dismissal of this matter is also warranted because the complaint fails to state a plausible claim upon which relief may be granted. And so, the Court also dismisses this matter pursuant to RCFC 12(b)(6).

Finally, because of plaintiff's *pro se* status–and plaintiff's representation that he is unable to pay the Court's filing fee–plaintiff may proceed in this matter *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised by the complaint.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss; and

(2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge